UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL C. SANFORD, | ) | CASE NO. 1:09 CV 2365 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WILLIAM D. MASON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On October 13, 2009, plaintiff pro se Daniel C. Sanford, an inmate incarcerated at a Texas correctional institution, filed this 42 U.S.C. § 1983 action against Cuyahoga County Prosecutor William D. Mason, and Attorney Dennis J. Polk. The complaint alleges Sanford was prosecuted for a felony based on "misdemeanor conduct." It is further alleged that defendant Polk, who was his counsel in the Ohio criminal case, made a misrepresentation to the trial court concerning Sanford's whereabouts, and that this misrepresentation resulted in the revocation of plaintiff's parole.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.

A criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law for purposes of a 42 U.S.C. § 1983 action.  Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976).  Further, prosecutors are absolutely immune from liability for actions taken within the scope of their official duties.

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Buckley v. Fitzsimmons, 509 U.S. 259 (1993).  Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim.  See, Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        s/ Kathleen M. O'Malley
                                        KATHLEEN M. O'MALLEY
                                        UNITED STATES DISTRICT JUDGE
DATED:  January 5, 2010